May it please the Court. My name is Celia Ruman and I represent Mr. Windley. I'd like to reserve two minutes for rebuttal. In this case, the District Court misadvised Mr. Windley about the terms of his plea agreement and the law, the law of sentencing. Mr. Windley then affirmed to the District Court that this misinformation was his understanding of how the plea agreement and the law would work in his case. In addition, the actual terms of the agreement, terms that expressly allowed him to withdraw from his plea agreement if the sentencing limitations contained in that agreement were not enforced, were not given effect by the District Court when it sentenced Mr. Windley outside of the sentencing limitations contained in that plea agreement. For those reasons, Mr. Windley asked this Court to reverse his conviction. With regard to the What elements of the sentence are outside of the agreement? I think the incarceration, I thought, was within the agreement, 15 years. That's correct. The element outside was lifetime supervised release. That's correct, Your Honor. Okay. So the only part of the agreement, then, that was not held was the supervisory. Why shouldn't we just send it back to the District Court and say, correct your mistakes, stick to the agreement, everything is fine? Because in this case, the agreement went beyond simply saying what the sentence would be. The plea agreement in this case, the contract in this case, expressly advised Mr. Windley that if the District Court went beyond the terms of the agreement, he would have the opportunity to withdraw his guilty plea. So in order to give effect to the entirety of his plea agreement, this Court needs to remand with instructions that the District Court should allow him the opportunity to withdraw his guilty plea. Because it goes back to when you say, correct your mistakes, they were in the agreement, and Windley withdrew his guilty plea. That could not correct the error in this case because, as this Court knows, contracts, plea agreements are contractual in nature, and Mr. Windley is entitled to the benefit of his plea agreement. And this plea agreement But that would be, that would be a three-year supervised release. That would be consistent with some of the terms of his plea agreement, but not with the entire agreement. What parts, what parts, did the courts agree to? Specifically in this, in this case, his plea agreement advised him that if the Court concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw his guilty plea in accordance with Federal Rule of Criminal Procedure 11C5. The District Court never said that the five years of supervised release, never affirmatively said, is inappropriate in this case. The District Court, in this case, made it clear In fact, when he took, when he accepted the plea, he said he would go along with the plea agreement. That's correct. That's what the District Court said. But that's not So doesn't this look just like an inadvertent split on the part of the District Court? It's not, and this Court has made clear that it's not whether the District Court says it's rejecting the guilty plea. It's whether what the Court imposes is actually consistent with the guilty plea and with the terms of the plea agreement. The plea agreement drafted by the government needs to be construed against the government as the drafter, so as to give Mr. Winley the benefit of the bargain. Here, it expressly allowed him the opportunity to withdraw his guilty plea. Only if the District Court rejected the plea agreement. That's correct. And the District Court never rejected the agreement. It looks like the District Court just made an oversight. Well, in the Alonzo decision by a panel of this Court, this Court said it, this Court looked at what the sentence imposed was, not what the District Court said, and looked to determine whether the sentence imposed was inconsistent with the terms of the plea agreement, and it said that was an effective rejection. The Court need not say it is rejecting. Contrary to what the government has stated, it's not what the Court intends. It's what the Court does that determines whether there's a rejection of the plea agreement. Well, yeah, but now we're going to give you a chance to correct this mistake. No harm.  No harm, no fault. I'm following the harm. But I was going to say, just to add, on the other hand, the District Court might well say, yes, this is a case for lifetime supervision. Supervised. Lifetime supervision. And I'm not going to stall on Mr. Winley. So therefore, Mr. Winley, withdraw your plea. Respectfully. You can't take a chance at a plea. Respectfully, the statute does not allow for more than five years. So the District Court could not, unless it wanted to disregard Congress's mandate, give him more than five years. And so this not only violated the plea agreement, it violated the law. It's an illegal sentence. But it also violated the terms of his plea agreement. Unlike every case cited by the government, none of the cases cited by the government that I saw had a provision that was like the one, or at least the Court didn't discuss, that it had a provision like the one that Mr. Winley had in his plea agreement that allowed him to withdraw his guilty plea if the sentence was not in accordance with the terms of the plea agreement. This Court in Alonzo has said that when the Court does that, it not only invalidates the sentence, but the guilty plea is unknowing and involuntary. This Court should enforce the literal terms of the plea agreement. The judge did, at the time of sentencing, had nothing to do with the plea agreement in the sense that he probably didn't reject your sentence. In other words, you're taking something that occurred later and trying to apply it to the plea agreement earlier. In other words, you're trying to say that he made a mistake in the sentence. Therefore, he made a mistake when he accepted the plea agreement. Is that correct? The district court did not – the district court didn't accept the plea agreement or at least say it was accepting the plea agreement. He did. And so at the time of he imposed the sentence was when he actually announced whether he was accepting the plea agreement. Though he said he was accepting the plea agreement, respectfully, I would suggest that he did not because he did not sentence him in accordance with the terms of the plea agreement, and this Court should enforce that contract. With regard to the second issue that we raised – But there are two ways to enforce a contract. One is to pay – you have someone to pay damages, but you still want to see together specific performance. The government says we want specific performance. They're not seeking specific performance of the entire contract, but they're seeking specific performance of the certain provisions of the contract. If this Court were to remand with instructions for specific enforcement of the entire contract that allow – that would give Mr. Winley the opportunity to withdraw his guilty plea, then that would be specific informants of this plea – this contract, this plea agreement. With regard to the issue of whether the Court misadvised Mr. Winley as to make his plea unknowing, in this case, the district court specifically told Mr. Winley that pursuant to paragraph 3E of his plea agreement that he would get the three-level reduction for acceptance of responsibility simply for pleading guilty. Mr. Winley told the district court that was his understanding of how his plea worked. The district court was wrong both legally and factually. The plea agreement did not say that, and Mr. – and the law did not allow it. Though the plea agreement itself was accurate in how the acceptance of responsibility provisions would work, this Court in the Erskine case said that even in the face of contrary information, a reasonable defendant would rely on the court's instruction in determining whether to forego a right, such as the right to, in that case, counsel, in this case, the right to trial. This Court explained that it's axiomatic that a defendant should not be told one thing during – about the sentencing guidelines during a plea colloquy and experience something different. Here, that's exactly what happened. He was told he would get three points for acceptance of responsibility. He got two. That was a difference that made – that was a distinction that made a difference in this case, because in sentencing Mr. Winley to 180 months, the district court expressly said that that was a reasonable sentence, in part because it was within the calculated guideline range. Had Mr. Winley gotten the third point for acceptance of responsibility, he would have been at 135 to 168 months. The 180-month sentence was beyond that. I think –  Do you want to say some kind of a rebuttal?     Good morning. May it please the Court. Joan Rupinach on behalf of the United States. The government concedes that there was sentencing error in this case. The district court made a mistake when it imposed the term of lifetime supervised release. That doesn't mean, however, that the court rejected the plea agreement. It's the government's position that the appropriate remedy here is remand on an open record. That will serve a couple of purposes. First of all, it will allow the district court to correct its error based on – We'd have to vacate the sentence. Vacate the sentence, yes. And allow – Remand it back on an open record, under Matthews. Correct. That's what the government is seeking. Because, again, the district court can correct the supervised release error. In addition, the government can move for the third point. In the government's brief at footnote six, we indicate that the government might – The government's here affirmatively stating that the government, if it gets remanded on an open record, will move for that third point. So that any error by the district court in the colloquy at the change of plea will be corrected. That he will be sentenced in conformity with what he was advised at the change of plea. In addition, it will allow the defendant to make any motions that he chooses between – before the district court. Because normally when a district court is rejecting a plea agreement, it's so stated on the record, and there's a clear record made. Here, the government's position is the court did not reject this plea agreement. Everything indicates that the court accepted the plea agreement but made a mistake. It's usually my experience, and I don't know if Chris has this as well, but when I used to get these agreements, it was pretty clear. If I rejected it, I said on the record, I'm rejecting this agreement. And I had to go through the E-5 column. Correct. And that's what Rule 11 says. That's what courts normally do in the district as well, in the District of Arizona. And so – and again, everything here indicates that the court accepted it and made a mistake. Therefore, we ask for you to vacate the sentence, open record, allow the district court to correct the errors. If you have nothing else. Okay. Do you want to respond? You have a minute and 42 seconds. I would just like to reiterate, this was a contract. The government drafted this contract. This contract included the provision allowing him to withdraw. Specific performance would require that that provision be given effect. It was not. The Alonzo decision makes clear the court does not have to say it's rejecting. If I remember correctly, Alonzo was an unpublished memorandum disposition. It had no precedential value there for whatever it was. It's correct it's an unpublished decision. But I think it's instructive because even Rule 11 doesn't say the court has to say it's rejecting. It's a violation if the court doesn't follow Rule 11. And here the court didn't impose the sentence that was required under this contract. And for that reason, simply because the district court usually does it doesn't mean it's not error if it doesn't do it. In this case, it imposed a sentence in violation of the terms of this agreement. All right. Thank you. Thank you very much, counsel. We appreciate your arguments and matters submitted at this time.
judges: Quist, Fisher, Paez